UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ERIC J. HAMILTON, | : | Case No. 1:23-cv-173 |
| Plaintiff, | : | |
| vs. | : | Judge Douglas R. Cole |
| | : | Magistrate Judge Elizabeth P. Deavers |
| WELLMAN TD, | : | |
| Defendant. | : | |

## ORDER

Plaintiff, a state prisoner proceeding without the assistance of counsel, submitted a civil rights complaint to this Court on March 22, 2023. (Doc. 1, PageID 5). The Complaint describes events occurring three days earlier on March 19, 2023, at the Southern Ohio Correctional Facility. (Doc. 1, PageID 2).

The Undersigned included a footnote in a previous order noting that:

"Plaintiff's request for relief to this Court appears to have been made without any attempt to address the issue through the normal [prison] procedures. The PLRA requires prisoners to exhaust available remedies before approaching a federal court. *See* 42 U.S.C. § 1997e(a)." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *23 (S.D. Ohio Mar. 17, 2023) (report and recommendations). "Exhaustion is mandatory and unexhausted claims cannot be brought in court." *Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 321 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). "A prisoner must properly exhaust his remedies **before** filing his § 1983 complaint." *Soloman* 478 F. App'x at 321 (citing *Woodford*, 548 U.S. at 93) (emphasis added). As relevant here, "Ohio has an established three-step inmate grievance procedure set forth in Ohio Administrative Code § 5120-9-31(K)." *Blissit v. Fiquris*, 345 F. Supp. 3d 931, 937 (S.D. Ohio 2018).

(Deficiency Order, Doc. 2).

Plaintiff responded to this footnote with a Motion for Leave to Stay Proceedings Until Claims Have Been Fully Exhausted. (Doc. 4). Therein, he both suggests that his claims should

be considered exhausted because of obstructive behavior by prison staff, and also asks this Court to stay his case until the claims are fully exhausted. (*Id.*, citing *Ross v. Blake*, 578 U.S. 632 (2016) (discussing when a remedy may be considered unavailable)).

A final determination that Plaintiff has or has not exhausted his available remedies would not appropriately be made at this stage of the case:

> A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit "is an affirmative defense under the PLRA [.]... [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." [*Jones v.*] *Bock*, [549 U.S. 199, 216 (2007)]. Instead, the failure to exhaust "must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir.2011).

*Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). In other words, while a plaintiff must have exhausted his available remedies, it is generally a defendant who must show he has not done so.

Plaintiff has named one defendant in the Complaint: Wellman TD. (Doc. 1, PageID 1). Before Defendant will be served with process and required to file an answer to the Complaint, several things must occur.

First, Plaintiff must either pay the fees to institute this action of $402 ($350 filing fee plus $52 administrative fee) at once, or the Court may grant Plaintiff's Application to proceed *in forma pauperis* (Doc. 5) and order the prison cashier to deduct the required statutory installments from his inmate account until the $350 filing fee is paid in full. 28 U.S.C. § 1915(b); 28 U.S.C. § 1914(a).

Second, the Court must screen Plaintiff's Complaint and dismiss any part of it that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). If the Complaint survives this screening, the Court will order service of process on Defendant. At that point, Defendant will determine whether and how to raise the issue of

exhaustion. Plaintiff can raise his arguments about exhaustion and the unavailability of remedies in response as he finds appropriate.

Because this is not the proper time for this Court to determine whether Plaintiff has or has not properly exhausted his remedies or whether those remedies were "available," the Court **DENIES** Plaintiff's motion (Doc. 4) to the extent it asks the Court to make such a determination now, based only on his statements in the Motion.

The Court likewise **DENIES** Plaintiff's request to stay these proceedings until he has exhausted his remedies. *See generally Mattox v. Edelman*, 851 F.3d 583, 594 (6th Cir. 2017) (discussing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), which held that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit" and said: "While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed.").

Finally, to the extent Plaintiff asks this Court to order prison officials, specifically, the "Warden's Assistant Larry Greene" to take action with respect to his administrative grievances or informal complaints, the Court **DENIES** this request. Greene is not a party to this case. The out-of-circuit case on which Plaintiff relies for this request, *Hause v. Smith*, No. 2:05-cv-438, 2006 WL 2135537, at *2 (W.D. Mo. July 31, 2006),[1] does not convince the Court that such an order is appropriate, given the Sixth Circuit's direction in *Freeman*.

Plaintiff may choose to proceed with this case and address exhaustion in the ordinary course as discussed above. He will be responsible for either the $402 filing fee (if he prepays it

---

[1] In *Hause*, a Missouri District Court denied a motion to dismiss because of unexhausted remedies, finding that the remedies were unavailable to the plaintiff. In doing so, the court noted an earlier order where the court ordered prison officials to allow the plaintiff to file a grievance and expedite a response. *Hause* did not grant or discuss granting a stay.

3

in full) or the $350 filing fee (paid over time, if this Court determines that he may proceed *in forma pauperis*).  (*See* Deficiency Order, Doc. 2).

***Plaintiff may also choose to voluntarily dismiss this case under Fed. R. Civ. P. 41(a) before the Court imposes the filing fee and refile his Complaint after properly exhausting all available remedies***.

The Court intends to address Plaintiff's Application to proceed *in forma pauperis* (Doc. 5) and the certified cashier's statement sent directly by the institution (Doc. 3) **after thirty days** have passed from the date of the Order.

**IT IS SO ORDERED.**


April 25, 2023  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE