UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ERIC J. HAMILTON,**

  **Plaintiff,**

             Case No. 1:23-cv-173

 v.

             **JUDGE DOUGLAS R. COLE**
**WELLMAN TD,**         **Magistrate Judge Deavers**

  **Defendant.**

## OPINION AND ORDER

  Plaintiff Eric J. Hamilton, a state prisoner proceeding pro se, sued Travis Wellman, a corrections officer, in his individual and official capacities for excessive use of force in violation of the Eighth Amendment. (Compl., Doc. 1, #2–3). Wellman answered (Doc. 16) and filed a Motion for Judgment on the Pleadings, or in the Alternative, First Motion for Summary Judgment (MJOP, Doc. 17), arguing that the action should be dismissed for failure to exhaust. After Hamilton failed to file a timely response, on December 11, 2023, the Magistrate Judge entered an Order to Show Cause (Doc. 19) why the Court should permit an untimely opposition brief. Hamilton did not timely respond to the Order to Show Cause, either.

  After being advised that Hamilton had been transferred to another facility in June 2023, the Court withdrew the Order to Show Cause, re-sent the relevant docket entries to Hamilton's new address, and granted him 21 days to respond to the MJOP. (1/11/24 Not. Order). Hamilton has since filed two more motions: one asking the Court to appoint counsel (Doc. 20) and one seeking discovery (Doc. 21). But he still has not responded to the MJOP. Accordingly, for the reasons discussed below, the Court

**GRANTS** the Motion for Judgment on the Pleadings, or in the Alternative, First Motion for Summary Judgment (Doc. 17) and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to exhaust administrative procedures. It therefore also **DENIES AS MOOT** Hamilton's Motion to Appoint Counsel (Doc. 20) and his Motion for Discovery (Doc. 21).

Hamilton is a state prisoner in the custody of the Ohio Department of Rehabilitation and Corrections at the Southern Ohio Correctional Facility. (Doc. 1, #1–2). On March 19, 2023, Wellman allegedly used retaliatory force to tackle Hamilton when he was neither a flight risk nor a threat to himself or anyone else. (*Id.* at #2–3). That tackle allegedly "[f]ractured [Hamilton's] left jaw, that was swollen for days[;] split [his] right eye, [which] left a pool of blood at the scene, with lacerations[;] slip[ped] [a] disc in [his] lower back[;] [and caused] migra[i]nes [and] severe headaches." (*Id.* at #3–4).

Hamilton sued Wellman in his official and individual capacities on March 23, 2023.[1] (Doc. 1). Because Hamilton is a prisoner proceeding pro se, the Court referred the case to a Magistrate Judge under this Court's General Order 22-05. After she entered a Deficiency Order (Doc. 2), Hamilton moved to stay the proceedings until he had exhausted his administrative remedies, (Doc. 4). He also sought leave to proceed in forma pauperis (IFP). (Doc. 5). The Magistrate Judge denied the motion to stay proceedings, (Doc. 6, #35), but granted the motion to proceed IFP, (Doc. 11, #46). She

---

[1] Hamilton first completed his Complaint on March 22, 2023, (Doc. 1, #5–6), and it was received in the prison mail the next day, (Doc. 1-4, #11 (postmarked envelope)). The Court received and docketed it on March 27. Under the prison mailbox rule, it is deemed filed on March 23, 2023. *Cretacci v. Call*, 988 F.3d 860, 865–66 (6th Cir. 2021).

then issued another order allowing the claims to proceed past the screening provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2); *id.* § 1915A. (Doc. 13, #57). Based on the allegations described above, Hamilton seeks compensatory damages, punitive damages, injunctive relief permanently terminating Wellman's employment, and declaratory relief. (Doc. 1, #4–5).

On November 7, 2023, Wellman answered the Complaint, (Doc. 16), and simultaneously moved for judgment on the pleadings or for summary judgment, (Doc. 17). In his MJOP, he argues that Hamilton failed to exhaust administrative remedies before bringing this lawsuit. (*Id.* at #72–73). That matters because the PLRA, 42 U.S.C. § 1997e(a), makes exhaustion a mandatory prerequisite to filing a federal lawsuit. *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) ("Under the PLRA, a prisoner may not bring a federal action related to prison conditions until such administrative procedures as are available are exhausted." (cleaned up)); *Ross v. Blake*, 578 U.S. 632, 638–39 (2016) ("Th[e] language [of § 1997e(a)] is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and *Jones v. Bock*, 549 U.S. 199, 211 (2007))).

Wellman specifically argues that Hamilton's failure to exhaust is evident on the face of the pleadings. To start, "according to the plain language of the statute [governing Ohio's prison grievance process], completion of [the] Ohio Department of Rehabilitation and Correction's ('ODRC') exhaustion process requires at least 63 days." (Doc. 17, #73 (citing Ohio Admin. Code § 5120-9-31(J)(1)–(3))). Yet Hamilton

3

sued on March 23,[2] only four days after the alleged incident. Moreover, Wellman noted that Hamilton admitted in his Motion to Stay that he had not exhausted his administrative remedies prior to suing. (*Id.*; Doc. 4, #19 ("Plaintiff comes before this Court on a motion for leave to stay the proceedings until this Court is notified of the full exhaustion of Plaintiff's claims.")). Accordingly, Wellman argues, Hamilton's suit should be dismissed for failure to exhaust administrative remedies. (Doc. 17, #73).

By local rule, Hamilton's opposition was due 21 days after Defendant filed his MJOP—or by November 28, 2023. S.D. Ohio Civ. R. 7(a)(2). When Hamilton had not responded by December 11, 2023, the Magistrate Judge ordered him to show cause by December 26, 2023, why the Court should allow him to file an untimely response. (Doc. 19, #77). Beyond that, the Magistrate Judge specifically warned Hamilton that failure to comply could result in a dismissal of his case based on either the MJOP or failure to prosecute. (*Id.* (citing Fed. R. Civ. P. 41(b)). Hamilton did not timely respond.

Then, the Court learned that Hamilton was transferred from the Ohio State Penitentiary to the Southern Ohio Correctional Facility in June 2023. (1/11/24 Not. Order). Because it was not clear he had been receiving mail about his case, the Court withdrew the Order to Show Cause, re-sent the relevant docket entries to his updated address, and granted him 21 days (until February 1, 2024) to respond to the MJOP. (*Id.*). It also reminded Hamilton of his obligation to notify the Court of any future

---

[2] The MJOP says the Complaint was filed on March 27. (Doc. 17, #73). But that was the date it was docketed, not the date Hamilton's Complaint is deemed filed. *See supra* note 1.

4

address changes, and that failure to provide such notice could result in his case's dismissal for a failure to prosecute. (*Id.*).

To date, Hamilton has not responded to the MJOP. Instead, he filed two more motions. The first asks the Court to appoint him counsel. (Doc. 20). The second seeks various kinds of discovery. (Doc. 21). The matter is now before the Court on the three pending motions.

Before turning to its analysis, the Court begins by noting again that Hamilton is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

After reviewing the MJOP, even considering Hamilton's pro se status, the Court agrees with Defendant that dismissal for failure to exhaust is appropriate here. True, failure to exhaust is an affirmative defense. *Clark v. Owens*, No. 22-1276, 2022 WL 19396680, at *2 (6th Cir. 2022) ("Failure to exhaust administrative remedies is an affirmative defense under the PLRA that the defendant bears the burden of establishing."). And "courts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings." *Est. of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920,

5

926 (6th Cir. 2013) (cleaned up). That said, "a motion for judgment on the pleadings … is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law," *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (cleaned up), even if that entitlement arises due to an affirmative defense, *see Est. of Barney*, 714 F.3d at 926 ("There is no reason not to grant a motion to dismiss where the undisputed facts conclusively establish an affirmative defense as a matter of law." (cleaned up)).

Here, based on the allegations in the Complaint (Doc. 1), coupled with Hamilton's Motion to Stay (Doc. 4), Hamilton could not possibly have completed the grievance process outlined in Ohio Administrative Code § 5120-9-31 in the time between the alleged incident and when he filed his Complaint. So Hamilton clearly failed to exhaust his administrative remedies before bringing this suit. Moreover, the Sixth Circuit has made clear that a prisoner's exhausting administrative remedies *after* suing does not rectify the failure to do so *before* suing. *Green v. Douglas*, No. 22-1991, 2023 WL 7316842, at *2 (6th Cir. Nov. 2, 2023) ("Exhaustion may not be completed after filing a complaint."). So the Court will grant the unopposed MJOP and dismiss the case. But that dismissal is without prejudice. *Id.* ("[T]he appropriate disposition of an unexhausted claim under the [Prison Litigation Reform Act] is dismissal without prejudice." (quoting *Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Circ. 2006))).

Given the Court's dismissal of this case, the Motion for Counsel and the Motion for Discovery are both moot. So the Court denies them both on that basis. As to the

former, though, the Court also notes that "there is no right to counsel in prisoner civil rights cases." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). Rather, such an appointment "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances … Appointment of counsel … is not appropriate when a pro se litigant's … chances of success are extremely slim." (cleaned up)). So even if his Motion for Counsel were not moot, it is by no means clear here that Hamilton meets that threshold.

Last, because Hamilton is proceeding IFP, the Court must assess, under 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Given the clear requirements of Ohio Administrative Code § 5120-9-31 and the timeline of this case, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Order would not be in good faith, and thus denies Hamilton leave to proceed IFP on appeal. Despite the Court's dismissal of this case, though, Hamilton is still required to pay the filing fee in full. *Samarripa v. Ormond*, 917 F.3d 515, 518 (6th Cir. 2019) ("In [prisoners' civil suits and appeals proceeding IFP], the prisoner shall be required to pay the full amount of a filing fee. The court must assess an initial fee … . Prisoners then make precise monthly payments until they pay the fee in full." (cleaned up)); 28 U.S.C. § 1915(b)(2) ("[T]he prisoner shall be required to make

7

monthly payments of 20 percent of the preceding month's income … each time the amount in the [prisoner's trust] account exceeds $10 until the filing fees are paid.").

Accordingly, for the reasons discussed above, the Court **GRANTS** the Motion for Judgment on the Pleadings, or in the Alternative, First Motion for Summary Judgment (Doc. 17) and **DISMISSES** this action **WITHOUT PREJUDICE** for failure to exhaust administrative procedures. So it **DENIES AS MOOT** Hamilton's Motion to Appoint Counsel (Doc. 20) and his Motion for Discovery (Doc. 21). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, and **DENIES** Hamilton leave to appeal IFP. Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

March 25, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**